## Case No. 18,057.

### WORTMAN v. GRIFFITH et al.

[3 Blatchf. 528;[1] 13 Leg. Int. 361; 19 Law Rep. 376.]

Circuit Court, S. D. New York. Sept. 24, 1856.

REPAIR OF VESSEL—LIBEL FOR SERVICES—ADMIRALTY JURISDICTION.

1. Where the owner of a ship-yard hauled up a vessel on his ways, charging for that service, and also a per diem for the time she was on the ways while being repaired by another person, *held*, that the service was one rendered in the repair of the vessel, and that the admiralty had jurisdiction of a libel in personam to recover for the service.

[Cited in The Vidal Sala, 12 Fed. 209.]

2. The nature of a contract or service, and not the question whether the contract is made, or the service is rendered, on the land or on the water, is the proper test in determining whether the admiralty has or has not jurisdiction.

[Cited in The Vidal Sala, 12 Fed. 209; Florez v. The Scotia, 35 Fed. 917.]

[Appeal from the district court of the United States for the Southern district of New York.]

This was a libel in personam, filed in the district court, to recover compensation for services rendered by the libellant in repairing a steamboat. The district court decreed for the libellant [case unreported], and the respondents appealed to this court.

Erastus C. Benedict, for libellant.
Cornelius Van Santvoord, for respondents.

NELSON, Circuit Justice. The libellant is the owner of a ship-yard, together with apparatus, consisting of a railway-cradle and other fixtures and implements, used for the purpose of hauling up vessels out of the

---

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

water, and sustaining them while they are being repaired. Certain rates of compensation are charged, regulated by the tonnage of the vessel, for hauling her up on the ways, and a per diem charge is made for the time occupied while she is under repair, in cases where the owner of the yard and apparatus is not employed to do the work, but the repairs are made by other ship-masters, as in the present instance.

The main controversy in the court below related to the terms upon which the service was to be rendered. Judge Hall, who heard the case, settled the amount, upon his view of the evidence, at $631.97, and I am not disposed to interfere with his conclusion. The proofs are conflicting, and not very clear either way in respect to the agreement.

The doubt I have had in the case is upon the objection raised to the jurisdiction of the court—a point not taken in the court below. It is claimed by the counsel for the respondents, that the agreement for the service rendered is to be regarded simply as a hiring of the yard and apparatus; and, certainly, if this be the true character of the transaction, there would be great difficulty in upholding the jurisdiction. On the other side, it is contended that the service rendered was a service in the repairs of the vessel, and was as much a part of them as the work of the ship-master, or the materials furnished by him.

There can be no doubt, that in cases where the ship-master owning the ship-yard and apparatus, is employed to make the repairs, the service in question enters into and becomes part of the contract, and is thus the appropriate subject of admiralty jurisdiction. And the question is, whether any well-founded distinction exists between a transaction of that character and the present one. The owner of the yard and apparatus, together with his hands, superintends and conducts the operation of raising and lowering the vessel, and also of fixing her upon the ways, preparatory to the repairs. The service requires skill and experience in the business, and is essential in the process of repair. I do not go into the question whether this is a contract made, or a service rendered, on the land or on the water. It undoubtedly partakes of both characters. But, I am free to confess, I have not much respect for this and other like distinctions that have sometimes been resorted to, for the purpose of ascertaining when the admiralty has, and when it has not, jurisdiction. The nature and character of the contract and of the service have always appeared to me to be sounder guides for determining the question.

Although a distinction may be made between this case, in the aspect presented, and the case where the ship-master is employed to make the repairs, I am inclined to think that it is not a substantial one, and that, to adopt it, would be yielding to a refinement which I am always reluctant to incorporate into judicial proceedings. A distinction, to be practical, should be one of substance, and one which strikes the common sense as founded in reason and justice. I must, therefore, overrule the point of jurisdiction, and affirm the decree.